**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Action No. 04-cv-01873-REB-OES

LEONARD A. TRUJILLO,

      Plaintiff,

v.

GARY M. HISE,
UNKNOWN JOHN DOE SUPERVISORS I-IV of the Denver Police Department;
UNKNOWN JOHN DOE TRAINING PERSONNEL I-IV of the Denver Police Department;
GERALD WHITMAN, Chief of Police of the City and County of Denver, Colorado;
and the CITY AND COUNTY OF DENVER, COLORADO,

      Defendants.

## ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

      The matter before me is Defendants' Motion for Summary Judgment [#59], filed September 20, 2005. I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question). I grant the motion with respect to plaintiff's federal claims and remand the state law claims.

      On the evening of June 26, 2003, plaintiff stole some beef jerky from a convenience store near the intersection of Evans Avenue and Zuni Street in Denver, Colorado. Noting that plaintiff was attempting to leave the store with stolen items, the clerk locked the doors. Plaintiff kicked out the plate glass door and ran from the store toward Zuni Street. A bystander who witnessed these events alerted Officer Gary Hise,

who was sitting in his police cruiser at a nearby stoplight. After driving to the store and receiving a description of the plaintiff and his likely whereabouts by another eyewitness, Hise drove toward Zuni Street. Shortly thereafter, he spotted a man matching plaintiff's description walking north on Zuni. Plaintiff glanced back and spotted the police cruiser. Hise shined his spotlight on him. Plaintiff immediately stopped and put his hands in the air in an attempt to surrender, but the car continued toward him and jumped the curb four or five feet from where he was standing. Plaintiff then turned and ran.[1]

    Plaintiff ran into the driveway at 2026 Zuni. Hise followed in his car, but stopped when he saw that plaintiff had encountered some aggressive dogs at the end of the driveway. Hise remained in his patrol car while plaintiff fought with the dogs. Eventually, plaintiff managed to extricate himself from the dogs and ran back toward Hise, passing the patrol car on the passenger side. Hise lost sight of plaintiff after he passed by the car. He then put the car in reverse and backed out of the driveway. Somewhere near the end of the driveway, Hise's police cruiser struck plaintiff in the small of the back. Hise sensed an instability, like a flat tire, under his right rear tire. Believing the feeling might be due to the rough gravel of the driveway, he continued backing up into the street and turned the car to head northbound on Zuni. When the unstable sensation in the tire continued on the pavement, Hise stopped the car. He found plaintiff pinned beneath the rear of the car. Plaintiff had been run over twice,

---

[1] Officer Hise alternatively suggests that plaintiff simply took off running the moment he spotted the police cruiser.

once as Hise was backing the car out of the driveway and a second time when he turned northbound on Zuni.

Plaintiff, who suffered serious, debilitating injuries as a result of the incident, filed this lawsuit in the District Court in and for the City and County of Denver, Colorado, alleging claims for relief for negligence, assault, battery, intentional infliction of emotional distress, and violation of his rights under the Fourth and Fourteenth Amendments. Defendants removed the action to federal court on the basis of the constitutional claims. They now have moved for summary judgment as to all plaintiff's claims and causes of action.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56©; **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A movant who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering

depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Id*. at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

Plaintiff asserts first a Fourth Amendment excessive force claim. The problem with plaintiff's argument is that the conduct of which he complains does not constitute a "seizure" giving rise to a Fourth Amendment claim in the first instance. Indeed, the Supreme Court has specifically foreclosed the type of claim plaintiff presses here:

> [A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied*.

***County of Sacramento v. Lewis***, 523 U.S. 833, 844, 118 S.Ct. 1708, 1715, 140 L.Ed.2d 1043 (1998) (quoting ***Brower v. County of Inyo***, 489 U.S. 593, 596-597, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989)) (emphasis in ***Lewis***). Thus, there is no seizure when the police, pursuing a suspect, accidentally terminate his freedom of movement by crashing into him. ***See id.***, 118 S.Ct. at 1715-16 (citing cases); ***see also***

***Brower***, 109 S.Ct. at 1381-82.[2]  There is absolutely no evidence that what happened to plaintiff was anything other than a terrible accident.  Contrary to plaintiff's argument, no reasonable factfinder could conclude based on the evidence presented that Hise intentionally used his police cruiser as a means to apprehend plaintiff.  Rather, the evidence is clear that Hise was simply attempting to monitor plaintiff's position until other officers arrived to back him up.  No one has contradicted Hise's testimony that he did not see plaintiff after he ran past the patrol car headed back out of the driveway.  There is no evidence to even remotely suggest that Hise intended to hit plaintiff with the car.[3]  Plaintiff's Fourth Amendment claims, therefore, fail as a matter of law.

Plaintiff's Fourteenth Amendment claim fares no better.  To state a substantive due process claim,[4] plaintiff must show both that Hise's conduct was reckless and that such conduct, viewed in the totality of the circumstances, "shocks the conscience."  ***Uhlrig v. Harder***, 64 F.3d 567, 574 (10th Cir. 1995), ***cert. denied***, 116 S.Ct. 924 (1996).  This standard, although not amenable to precise definition, requires a high level of outrageousness.  ***Id***.  Given the totality of the circumstances in this case, Hise's conduct does not rise to such superlative and egregious heights.  Certainly, with the

---

[2] Although ***Lewis*** and ***Brower*** involved vehicle-on-vehicle crashes, plaintiff's status as a pedestrian provides no principled basis on which to distinguish these precedents.

[3] The testimony of Luz Hortencia Cera Flores, on which plaintiff relies heavily, does not establish that Hise intended to hit plaintiff.  Cera Flores avers that "[i]t appeared that the police officer saw the man running behind the police car and the police officer put the car in reverse and hit the man." (Plf. Resp. App., Exh. 2 at 2, ¶ 6(g).)  This testimony establishes little more than that Hise saw plaintiff as he ran by the car, a fact that Hise himself acknowledges.  Importantly, it does *not* establish that Hise thereafter saw plaintiff and intentionally hit him with the car.

[4] Plaintiff does not address defendants' arguments regarding procedural due process, and I, therefore, conclude that he does not intend to assert such a claim.

benefit of hindsight, it might be said that Hise could or should have been more careful in maneuvering his car as he backed out of the driveway. But Hise is not charged with such prescience. Instead,

> when unforeseen circumstances demand an officer's instant judgment, even precipitate recklessness fails to inch close enough to harmful purpose to spark the shock that implicates "the large concerns of the governors and the governed." Just as a purpose to cause harm is needed for Eighth Amendment liability in a riot case, so it ought to be needed for due process liability in a pursuit case. Accordingly, we hold that high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983.

*Lewis*, 118 S.Ct. at 1720 (citation and footnote omitted). Here again, plaintiff has not produced any evidence to suggest that Hise intended to harm him, and, therefore, he has failed to state a viable substantive due process claim.

Plaintiff also has failed to aver viable claims against the city and Chief of Police, Gerald Whitman,[5] based on a failure to adequately train Hise.

> To establish a city's liability under 42 U.S.C. § 1983 for inadequate training of police officers . . ., a plaintiff must show (1) the officers exceeded constitutional limitations . . .; (2) the . . . circumstances . . . constitute a usual and recurring situation with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.

---

[5] Plaintiff does not address defendants' arguments regarding claims against Whitman in his individual capacity. Nor has he presented any evidence to suggest that such claims would be viable. *See Holland v. Harrington*, 268 F.3d 1179, 1187 (10th Cir. 2001) (supervisory personnel cannot be held liable under section 1983 unless they personally participated in the violation or knew of and acquiesced in it), *cert. denied*, 122 S.Ct. 1914 (2002).

6

***Allen v. Muskogee, Oklahoma***, 119 F.3d 837, 841 -842 (10th Cir.1997), **cert. denied**, 118 S.Ct. 1165 (1998). With respect to the first element, plaintiff's inability to establish a constitutional violation in the first instance immediately dooms this claim. Nor can plaintiff establish, as required by the third element of the test, deliberate indifference. ***See Carr v. Castle***, 337 F.3d 1221, 1229 (10th Cir. 2003) ("The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."). Instead, the evidence shows that city officers were in fact trained in tactical and emergency driving techniques, and particularly, in how to safely maneuver a car in reverse. (***See*** Plf. Response App., Exh. 11 at 12-16.)[6] At best, plaintiff can show that Hise failed to follow the proper technique for backing up his car,[7] but the officer's alleged lapse in following his otherwise adequate training provides no basis for liability on the part of his supervisor or the city. Finally, plaintiff has failed to show "how [the] assertedly inadequate training was a direct causal link of [his] injury." ***Carr***, 337 F.3d at 1231. His citation to the general lack of training is insufficient to establish this element. ***Id***. In the absence of any proof that the alleged deficiency in the city's training program was

---

[6] Plaintiff makes much of the fact that officers were not specifically trained in the use of vehicles to apprehend pedestrian suspects. However, he has not specified any way in which the general tactical and emergency driving techniques officers were taught are not fully translatable to the particular situation in which Hise found himself.

[7] Considered in the light most favorable to plaintiff, the evidence shows that although trained to reverse his car while looking over his right shoulder, Hise backed out of the driveway while looking over his left shoulder. (Plf. Response App., Exh. 11 at 12-16 ; ***but see id***., Exh. 5 at 69-70, 78-79, 102-03 (in which Hise testified that although he initially looked over his left shoulder to back up, he subsequently turned to look over his right shoulder as well).)

"closely related" to the injury plaintiff suffered, his claim fails. *See id*. (citing **Brown v. Gray**, 227 F.3d 1278, 1290 (10th Cir. 2000)).

For these reasons, summary judgment is appropriate as to plaintiff's federal claims. When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims. **United States v. Botefuhr**, 309 F.3d 1263, 1273 (10th Cir. 2002). I find it appropriate to do so here, and, thus, will remand the remaining state law claims to the District Court in and for the City and County of Denver, Colorado, from which they were removed.

**THEREFORE, IT IS ORDERED** as follows:

(1) That Defendants' Motion for Summary Judgment [#59], filed September 20, 2005, is **GRANTED IN PART**;

(2) That plaintiff's Fourth, Fifth, Sixth, and Seventh Claims for Relief are **DISMISSED WITH PREJUDICE**; and

(3) That this case is **REMANDED** to the District Court, City and County of Denver, Colorado (Case No. 2004-CV-5143).

Dated November 4, 2005, at Denver, Colorado.

                BY THE COURT:

                s/ Robert E. Blackburn
                Robert E. Blackburn
                United States District Judge