### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No.   04-cv-01873-REB-OES

LEONARD A. TRUJILLO,

    Plaintiff,

v.

GARY M. HISE, in his individual capacity;
GERALD WHITMAN, Chief of Police of the City and County of Denver, Colorado;
and the CITY AND COUNTY OF DENVER, COLORADO,

    Defendants.

### ORDER DENYING DEFENDANTS' UNOPPOSED MOTION FOR CERTIFICATION OF THIS COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 54(B)

**Blackburn, J.**

The matter before is **Defendants' Unopposed Motion for Certification of This Court's Order Granting Defendants' Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 54(b)** [#81], filed November 15, 2005.  As the title of the motion suggests, defendants request that I certify my order granting their motion for summary judgment as to plaintiff's federal claims as a final judgment pursuant to Rule 54(b).  Because I find that my order is a final, appealable order in any event, I deny the motion as moot.

I granted defendants' motion for summary judgment as to plaintiff's federal claims, but refused to exercise supplemental jurisdiction over, and, therefore, remanded plaintiff's state law claims to the state district court from which they were

removed.  In general,  "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d). Nevertheless, the reach of this section is not as broad as its language appears to suggest.  Rather, section 1447(d) bars appellate review only when remand is based on the grounds contemplated by 28 U.S.C. § 1447(c).  **See Things Remembered, Inc. v. Petrarca**, 516 U.S. 1245, 127-28, 116 S.Ct. 494, 496-97, 133 L.Ed.2d 461 (1995); **Dalrymple v. Grand River Dam Authority**, 145 F.3d 1180, 1184 (10th Cir. 1998), **cert. denied**, 119 S.Ct. 799 (1999).  Section 1447(c), in turn, provides for remand for lack of subject matter jurisdiction or for defects other than lack of subject matter jurisdiction.  **See** 28 U.S.C. § 1447(c).

My order remanding this case was not based on any defect in removal procedure, nor was it premised on a lack of federal subject matter jurisdiction.  Rather, I found that plaintiff had failed to show any genuine issue of material fact vis-à-vis  his federal claims, and I simply declined to exercise the otherwise properly invoked pendant jurisdiction over his state law claims, as is within my discretion under 28 U.S.C. § 1367(c).  **See Dalrymple**, 145 F.3d at 1185 (distinguishing unreviewable remand order based on jurisdictional grounds from "the typical nonjurisdictional determination involving a discretionary remand of supplementary or pendant claims"). When remand is predicated on such determinations, a decision on the merits of the federal claims is final.[1]  **See, e.g.**, **Morris v. TE Marine Corp.**, 344 F.3d 439, 445 (5th

---

[1] The order of remand itself, however, is not.  **See, e.g.**, **Beauclerc Lakes Condominium Association v. City of Jacksonville**, 115 F.3d 934, 935 (11th Cir. 1997) (citing **Armstrong v Alabama Power Co.**, 667 F.2d 1385, 1387 (11th Cir. 1982)).

Cir. 2003); ***Beauclerc Lakes Condominium Association v. City of Jacksonville***, 115 F.3d 934, 935 (11th Cir. 1997); ***Carr v. American Red Cross***, 17 F.3d 671, 675-77 (3rd Cir. 1994);[2] ***Scott v. Machnisits Automotive Trades District Lodge No. 190 of Northern California***, 827 F.2d 589, 592 (9th Cir. 1987); ***Gallea v. United States***, 779 F.2d 1403, 1404 (9th Cir. 1986); ***Katsaris v. United States***, 684 F.2d 758, 761 (11th Cir. 1982).  ***See generally***, 15A C. WRIGHT, A. MILLER, & E. COOPER, **FEDERAL PRACTICE AND PROCEDURE** § 3914.11 (1992).  There thus is no necessity for a certification of the judgment under Rule 54(b).[3]

**THEREFORE, IT IS ORDERED** that **Defendants' Unopposed Motion for Certification of This Court's Order Granting Defendants' Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 54(b)** [#81], filed November 15, 2005, is **DENIED**.

Dated January 3, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

---

[2] The Third Circuit further requires that a decision remanding the state claims also satisfy the requirements of the collateral order doctrine.  ***See Carr*** 17 F.3d at 675-77.  It does not appear that this analysis is required in this circuit, however.  ***See, e.g.***, ***Farmland National Beef Packing Co. v. Stone Container Corp.***, 98 Fed. Appx. 752, 754-56 (10th Cir. Apr. 16, 2004).

[3] Defendants, of course, do not seek to appeal, but rather are concerned about recovery of their costs.  However, because my order constitutes a final judgment in its own right with respect to plaintiff's federal claims, the fact that the state law claims have been remanded presents no apparent impediment to defendants' right to seek recovery of their costs.